IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RYAN G.[1],                          :

      Plaintiff,

      v.                              :        Case No. 3:21-cv-239

COMMISSIONER,                                    JUDGE WALTER H. RICE

Social Security Administration,      :

      Defendant.

---

**DECISION AND ENTRY SUSTAINING MOTION OF CLIFFORD M.
FARRELL, COUNSEL FOR PLAINTIFF RYAN G., FOR ATTORNEY FEES
UNDER 42 U.S.C. § 406(b) (DOC. #14); DEFENDANT
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, SHALL,
WITHIN THIRTY (30) DAYS OF THIS ENTRY, REMIT $16,000 TO
COUNSEL OR FILE A DECLARATION AS TO WHY IT IS UNABLE TO
DO SO; WITHIN THIRTY (30) DAYS OF RECEIVING THE AWARD,
COUNSEL SHALL REMIT TO PLAINTIFF THE $4,000.00 AWARD
THAT COUNSEL RECEIVED PURSUANT TO THE EQUAL ACCESS TO
JUSTICE ACT; COUNSEL AND PLAINTIFF SHALL AGREE PRIVATELY
ON THE REMAINING AMOUNT THAT PLAINTIFF OWES COUNSEL**

---

Before the Court is the Motion for Attorney Fees Under 42 U.S.C. § 406(b)

of Clifford M. Farrell, Counsel to Plaintiff Ryan G. (Motion, Doc. #14). Counsel

seeks payment of sixteen thousand dollars ($16,000.00) from the Commissioner in

light of the remand of the captioned case to the Commissioner and Plaintiff's

---

[1] "The Committee on Court Administration and Case Management of the Judicial Conference of the
United States has recommended that, due to significant privacy concerns in social security cases,
federal courts should refer to claimants only by their first names and last initials." General Order 22-
01.

ultimate receipt of benefits.  (*Id*. at PAGEID 792, ¶ 1).  For the reasons set forth below, the Motion is SUSTAINED.

## I.    Factual Background and Procedural History

After being denied benefits by the Commissioner's Administrative Law Judge ("ALJ") Gregory G. Kenyon on September 17, 2020, a decision that was affirmed by the Commissioner's Appeals Council (Admin. Record, Doc. #4, PAGEID 12, 24), Plaintiff, represented by Counsel, appealed that denial to this Court. (Complaint, Doc. #1).  On appeal, Plaintiff argued that the ALJ improperly discounted the opinions of Plaintiff's treating medical source.  (Statement of Specific Errors, Doc. #5, PAGEID 755).  Upon consideration, the Commissioner agreed to a "Sentence Four Remand" for further proceedings before the Commissioner, which this Court ordered on March 31, 2022.  (Joint Motion, Doc. #9, PAGEID 781; Decision and Entry, Doc .#10).

As a "prevailing party," Plaintiff's Counsel was entitled to a reasonable attorney fee under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and Plaintiff and the Commissioner filed a Joint Stipulation for the Commissioner to pay $4,000 to Counsel, (Doc. #12), which this Court sustained on July 13, 2022.  (Decision and Entry, Doc. #13).  As Counsel performed 20.65 hours of work on the case while it was pending in this Court (EAJA Decl., Doc. #14-4, PAGEID 816-17), the stipulated award was for $193.70 per hour.  On July 13, 2022, the Court sustained the Joint Motion, ordering the Commissioner to pay Plaintiff's counsel the amount within thirty days of entry.  (Decision and Entry,

Doc. #13, PAGEID 791). It is undisputed that the Commissioner paid Counsel the full amount.

Upon remand to the Commissioner, Plaintiff's case was set for rehearing, once again before ALJ Kenyon. On July 13, 2023, the ALJ, after re-evaluating the treating source opinions, determined that Plaintiff had been disabled since his disability onset date of September 12, 2017. (ALJ Decision, Doc. #14-1, PAGEID 807). On September 6, 2023, the Commissioner informed Plaintiff that he would receive $126,139.58 in payments from March 2018 to July 2023, $2,425.20 for August 2023, and $2,755 per month thereafter. (Notice of Award, Doc. #14-2, PAGEID 808-09). Subsequently, Plaintiff's benefits increased to $2,920 per month; "[t]hat equates to an annual payment of $35,040.00, before any annual cost of living increases." (Doc. #14, PAGEID 796, ¶ 14). Counsel calculated that Plaintiff's total past benefits totaled $167,246, and that there was to be a set-aside of $41,081.50 of the total past-due benefits for payment of attorney fees. (Doc. #14-2 at PAGEID 814). Plaintiff agreed to do so pursuant to the Contingent Fee Agreement between Counsel and him, under which Plaintiff agreed to pay Counsel "a fee of no more than 25% of my past due benefits in my Social Security . . . claim." (Doc. #14-3, PAGEID 815, ¶ 4). The Agreement also called for Counsel, if he obtained fees from the Commissioner under *both* the EAJA *and* 42 U.S.C. § 406(b), to remit to Plaintiff the lesser of those two amounts. (*Id*. at ¶ 6).

On October 20, 2023, Counsel filed the instant Motion, seeking $16,000 in attorney fees under 42 U.S.C. § 406(b). In support, Counsel noted that unlike

many cases in which an attorney obtains a Sentence Four remand for his client, only for the client's benefits claim to be denied again on rehearing, Plaintiff was granted benefits on rehearing based on the reasoning Counsel set forth in this Court. (Doc. #14, PAGEID 14, PAGEID 795, ¶¶ 11, 13). Counsel asserts that he spent sixty-three hours on Plaintiff's case while at the administrative level, pre- and post-remand. While such time is not directly compensable under 42 U.S.C. § 406(b), "the amount of effort expended by counsel in the case as a whole is one of the factors that may be lawfully considered by this Court in determining the §406(b) issue." (*Id*. at PAGEID 793-94, ¶ 8, citing 20 C.F.R. § 404.1725(b)(iv)).

Counsel states that his fee request of $16,000 for 20.65 hours work equates to $774.81 per hour; however, $4,000 of that will essentially be refunded to Plaintiff, meaning that he would be netting $581.11 per hour. (Doc. #14, PAGEID 797, ¶¶ 21-22). Counsel avers that his normal hourly rate is $400, and argues that because awards of twice an attorney's hourly rate are upheld as reasonable, the Court should sustain his entire request under 42 U.S.C. § 406(b). (*Id*. at PAGEID 797, 798, ¶¶ 18, 25, citing *Willis v. Comm'r of Soc. Sec.*, No. 1:10-cv-594, 2014 WL 2589259, *6 (S.D. Ohio Jun. 10, 2014) (Barrett, J.) (collecting cases)).

In his response memorandum, the Commissioner "neither supports nor opposes counsel's request for attorney's fees in the amount of $16,000, under 42 U.S.C. § 406(b)[,]" noting that ultimate responsibility for deciding the fee award resides with this Court. (Resp. Memo., Doc. #15, PAGEID 834-35, quoting

*Gisbrecht v. Barnhart*, 535 U.S. 789, 798, 809 n.6 (2002)). The Commissioner notes that attorney fees are paid out of a limited pool that compensates attorneys for fee awards arising under 42 U.S.C. § 406(a) (representation before the Commissioner) and 42 U.S.C. § 406(b) (representation before the Court); "[b]ecause withheld past-due benefits are paid out on a first-come, first-served basis, the amount available for direct payment under § 406(b) is subject to change." (Doc. #15, PAGEID 836-37). Given the uncertain nature of how much in funds the Commissioner will have available, and because the responsibility for paying attorney fees is ultimately that of the Plaintiff (*id.* at PAGEID 837, quoting *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2d Cir. 2016); *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008)), the Commissioner asks either that: (1) the Court indicate the amount of any 42 U.S.C. § 406(b) award, but to refrain from ordering the Commissioner to pay the award; or (2) specify how much of the fee award should be paid out of Plaintiff's past-due benefits. (*Id.* at PAGEID 835-36).

The matter is now ripe for decision.

## II.    Governing Law

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such

5

> fee for payment to such attorney out of, and not in addition to, the
> amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Awards of fees under 42 U.S.C. § 406(b) evince a

strong public policy in favor of encouraging attorneys to represent claimants.

*Rodriquez v. Bowen*, 865 F.2d 739, 743-44 (6th Cir. 1989) (*en banc*) (citations

omitted).

The decision of whether to award a fee of twenty-five percent (at least

$31,954.90 in this instance) or less of past-due benefits is solely within the

Court's discretion, and the Supreme Court has only stated that "[w]ithin the 25

percent boundary, . . . the attorney for the successful claimant must show that the

fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

Among the factors the Court must consider are "the character of the

representation and the results the representative achieved." *Id*. at 808. The

Commissioner has promulgated the following factors for a Court to consider:

> (i) The extent and type of services the representative performed;
> (ii) The complexity of the case;
> (iii) The level of skill and competence required of the representative in
> giving the services;
> (iv) The amount of time the representative spent on the case;
> (v) The results the representative achieved;
> (vi) The level of review to which the claim was taken and the level of
> review at which the representative became your representative; and
> (vii) The fee requested.

20 C.F.R. § 404.1725(b)(1).

Also, the United States Court of Appeals for the Sixth Circuit has held that a

fee award set forth in an otherwise valid agreement may be reduced if counsel has

6

acted improperly or "if the award of benefits is so high as to cause the attorney's fees to constitute a 'windfall[,]'" *Rodriguez*, 865 F.2d at 747, but has also held that "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable" and would not be considered a "windfall" that would invalidate a fee request. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), citing *Rodriguez*, 865 F.2d at 744.

III.    **Analysis**

The Court notes at the outset that Counsel does not adequately articulate how he gets from the $126,139.58 past-due benefits as calculated by the Commissioner to his calculated figure of $167,246. (Doc. #14-2, PAGEID 808, 814). However the Court need not, for purposes of this Motion, adjudicate which figure is accurate, because the $16,000 sought by Counsel would be 12.6% of past-due benefits under the Commissioner's calculation and 9.6% under that of Counsel, both well below the twenty-five percent statutory limit. 42 U.S.C. § 406(b). While Counsel's hourly fee of $400 is, as he concedes, relatively high, it is less than two standard deviations above the mean for similar practitioners in Greater Columbus and Ohio generally. (Doc. #14, PAGEID 797, ¶ 19, citing C. Farrell Aff., Doc. #14-6, PAGEID 822, ¶¶ 5-6; Ohio State Bar Association Manual, Doc. #14-8). Moreover, whether including or excluding the $4,000 that Counsel will remit to Plaintiff, the hourly rate requested ($774.81 or $581.11) is less than twice Counsel's normal rate, meaning that the request is, under Sixth Circuit precedent, "*per se* reasonable" and not a windfall for Counsel. Also, the Sixth

7

Circuit's other concern—that Counsel would attempt to delay the proceedings in an attempt to drive up Plaintiff's past-due benefits and Counsel's fees, *Rodriquez*, 865 F.2d at 747—is not present here.  The case was officially remanded to the Commissioner on March 31, 2022 (Doc. #10), Plaintiff's rehearing before the ALJ took place barely one year later, on May 11, 2023, and the award of benefits was made on July 13, 2023.  (Doc. #14-1, PAGEID 800, 803).  It is unfortunate but axiomatic that the Commissioner is understaffed and overburdened, with even a prompt and earnest claimant subject to lengthy waiting periods.  Plaintiff would not have received a fully favorable decision less than sixteen months after remand without Counsel diligently and conscientiously presenting Plaintiff's claim.

Moreover, the factors promulgated by the Commissioner weigh heavily in favor of granting the full amount requested.  While the sixty-three hours spent at the administrative level pre- and post-remand are not directly compensable, that time spent is a significant amount of time spent on the case.  20 C.F.R. § 404.1725(b)(1)(iv); *accord*: *Perez v. Sec'y of Health & Human Servs.*, 881 F.2d 330, 335 (6th Cir. 1989) (Time spent at the administrative level, particularly post-remand, may be considered under 42 U.S.C. § 406(b) when "the attorney's efforts helped produce the recovery[,]" because "the further legal action of the attorney was made necessary by his incomplete victory before the district court[.]"  From December 2017 through July 2023, Counsel represented Plaintiff in all aspects of the case both before this Court and at the administrative level pre- and post-remand.  Counsel's work began before the initial disability application was filed and

8

continued until the final decision was received. 20 C.F.R. § 404.1725(b)(1)(i, vi); *see also* Doc. #14-7, PAGEID 825-30 (Log of work performed at administrative level).

Finally, and most importantly, Counsel's representation produced the best result possible for Plaintiff—and indeed, one of the best results the undersigned has seen in a Social Security disability case. 20 C.F.R. § 404.1725(b)(1)(v). As discussed above, the gravamen of Plaintiff's appeal to this Court was that the ALJ had not properly evaluated the opinions of his treating medical source. (Doc. #5, PAGEID 755-61). Not only did the Commissioner, upon considering the argument, agree to the Joint Motion to Remand (Doc. #9), but that same ALJ, upon reconsidering the treating source opinions and finding one "generally persuasive" and another "somewhat persuasive," used them in part to formulate a residual functional capacity that was so restrictive that "there are no jobs that exist in significant numbers in the national economy that claimant can perform[.]" (Doc. #14-1, PAGEID 804, 806-07). There is a direct link between Counsel's strategy and the ALJ changing his mind. The result was not only favorable, but remunerative—over $126,000 in back benefits, at least $35,000 per year in benefits going forward, and enrollment in Medicare. (Doc. #14, PAGEID 796, ¶ 14; Doc. #14-2, PAGEID 808-09). In sum, Counsel did precisely the type of work for which compensation under 42 U.S.C. § 406(b) was designed.

As discussed *supra*, the Commissioner does not specifically object to the fee award, but warns that the payment comes from a unified fund that it uses to pay

out fee awards arising under both 42 U.S.C. § 406(a) and 406(b), such that it cannot guarantee funds will be available. (Doc. #15, PAGEID 834, 836-37). The Court understands the Commissioner's predicament, but also emphasizes that, for the reasons discussed above, payment is particularly appropriate in this case given Counsel's exemplary representation, Plaintiff's successful outcome, and the relatively modest amount of fees being sought. The Court thus orders the Commissioner to pay $16,000.00 to Counsel under 42 U.S.C. § 406(b) within thirty days. If the Commissioner is unable to do so, then, also within thirty days of entry, he shall file a declaration with supporting exhibits explaining his inability.

## IV.    Conclusion

For the foregoing reasons, Counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b) is SUSTAINED. The Court ORDERS that:

1. Within thirty (30) days of entry, the Commissioner shall remit $16,000.00 to Counsel under 42 U.S.C. § 406(b). If Commissioner is unable to make payment in that time, he shall file a declaration with supporting documentation explaining that inability;

2. Within thirty (30) days of receiving payment from the Commissioner, Counsel shall remit to Plaintiff the $4,000 EAJA award; and

3. Plaintiff and Counsel shall negotiate privately on the extent to which Plaintiff must remit to Counsel any remaining fees owed, but in no event shall the amount exceed twenty-five percent of past-due benefits minus $16,000. Upon agreement, the Commissioner shall release any withheld past-due benefits to Plaintiff and Counsel pursuant to their agreement.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: April 16, 2024

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE